# THE BAYARD FIRM
ATTORNEYS

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED

August 22, 2005

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, DE 19801

RE:  *Commissariat à l'Energie Atomique v. Samsung Electronics Co., Ltd, et al.*,
C.A. No. 03-484 (KAJ) – Discovery Dispute Depositions

Dear Judge Jordan:

    In its letter, AUO asks the Court to order plaintiff Commissariat à l'Energie Atomique ("CEA") (1) to identify its Rule 30(b)(6) designees; (2) to make its designees available for deposition in September; and (3) to make all of the inventors available for deposition in Wilmington starting in September. The short response to these requests is this: (1) CEA will timely identify its Rule 30(b)(6) designees, although CEA is not aware of any authority for the proposition that it must identify particular witnesses by name by any set date, *provided the Defendants do likewise;* (2) CEA will agree to make its designees available starting in September, *provided Defendants make their Rule 30 (b)(6) designees to CEA's own noticed depositions available in October;*; and (3) CEA is willing to discuss bringing to Wilmington the inventors, who are not CEA officers, directors (in the American sense), or managing agents, *as part of a larger discussion of the location for CEA's depositions of the defendants.*[1]

    AUO asks the Court to compel CEA to identify its designees on all categories of AUO's Rule 30(b)(6) Deposition Notice. Because CEA has not yet been able to determine who it will designate, AUO's request is premature. AUO has likewise not yet identified its designees for CEA's Rule 30 (b)(6) notices.

    AUO also asks the Court to compel CEA to make all four named inventors available for depositions in Wilmington starting in September as well. However, the named inventors are not representatives of CEA and, therefore, such depositions would normally take place in France under the Court's scheduling order. *See, e.g., Yaskawa Elec. Corp. v. Kollmorgen Corp.*, 201 F.R.D. 443 (N.D. Ill 2001) (ruling that inventors

---

[1] CEA respectfully suggests that it is necessary to deal with depositions on a comprehensive basis, not on a defendant by defendant basis. There are too many depositions and too little time to attack this problem piecemeal.

598697v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
August 22, 2005

who are nonparty witnesses should generally be deposed in the jurisdiction of their residence, so as to minimize the burden imposed on them by deposition[s].) Contrary to AUO's assertion, the four inventors of CEA are not representatives (officers, directors, or managing agents) of CEA. First, Jean-Claude Deutsch is retired and no longer works for CEA. In addition, Sylvie Vey does not even have the title of director and is not an officer or managing agent of CEA. She does not act on behalf of CEA, nor does she satisfy any of the other criteria set forth by AUO in its letter. Moreover, although Pierre Vaudaine and Jean-Frederic Clerc have the title of "director," such title operates differently in France, where it is merely another job title, than it does in the U.S., where it conveys authority. Further, Pierre Vaudaine is now working for another agency and is not directly working for CEA. As such, they cannot bind or act on behalf of CEA and they are not representatives of CEA.

As to the issue of the location of depositions generally, CEA agrees with AUO that the taking of depositions in foreign countries is "very burdensome," not only because of travel, but primarily because of restrictions in foreign countries in the taking of depositions, in particular Taiwan. (Ex. D.) But, to the extent Defendants wish to take depositions of CEA employees in Wilmington, then CEA should be entitled to do the same as to Defendants' employees. This would streamline the scheduling process for depositions for all parties and enable deposition discovery of fact witnesses to be completed in an efficient manner prior to the end of the year.

AUO fails to inform the Court that AUO refused to meet and confer with CEA regarding the issues in its letter. (Ex. E.) Consistent with its previous proposal to AUO, CEA offered to make its witness available in September and stated it was searching for conception, development and reduction to practice documents. CEA also agreed to complete its search for such documents and produce them by August 31. Once the Court granted CEA's request at the July 25 hearing that AUO's noticed depositions occur in September, CEA's counsel promptly sought September deposition dates from CEA. In its first communication to CEA since the July 25, 2005 hearing, AUO suggested September 14 for the 30(b)(6) deposition on categories 1-4 and asked CEA to provide dates for depositions of the individual inventors. CEA has already responded to AUO that it has confirmed the 30(b)(6) deposition of categories 1-4 on September 15 and stated that it was in the process of obtaining the inventors' availability in "September or no later than the first week in October" and would provide dates "by the end of the month if not sooner." (Ex. F.)

CEA also informed AUO in a telephone conference on July 21 that it does not maintain organizational charts, but nonetheless agreed to produce annual reports from 1980 to the present identifying certain individuals who are employed by CEA and their job titles. All such annual reports have now been produced by CEA in contrast to AUO's failure to produce its organizational charts. (Ex. G.)

In short, in response to AUO's letter, CEA seeks its own Order compelling the Defendants to: (1) immediately identify who will be **their** respective designees on all categories of CEA's Rule 30(b)(6) deposition notices; (2) make **their** designees available for depositions for all categories in October; and (3) make all deponents for which CEA

598697v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
August 22, 2005

has noticed depositions available for their depositions in Wilmington starting in October as well. Furthermore, CEA respectfully requests that the Court order that the Defendants together as a group provide a coordinated, comprehensive schedule to CEA no later than September 9, 2005, for all of the depositions noticed by CEA setting forth dates for these depositions so they may all be completed no later than December 16, 2005. The basis for this request is (1) Defendants have failed to cooperate in the basic scheduling of depositions in this litigation; (2) Defendants have failed to inform CEA whether their witnesses are available on the dates noticed for depositions by CEA; (3) Defendants have failed to provide alternate dates for the depositions noticed by CEA; and (4) Defendants have failed to cooperate with CEA to schedule depositions so that the bulk of fact discovery can be completed prior to the end of the year so expert discovery can commence at the start of next year. (*See* Exs. A, B and C.)

Although AUO complains that CEA has noticed 40 depositions in total,[2] Defendants do not, and cannot, dispute the relevance of these depositions. The number of depositions is partially due to the fact that there are multiple defendants in this case and that Defendants have, for the most part, identified these individuals as having relevant knowledge in their Initial Disclosures. CEA also notes that the Court's scheduling order expressly permits 300 hours of deposition testimony per side for fact discovery, and CEA's deposition notices fall well within that limit.

While CEA has noticed the depositions of individuals for each of the Defendants on specific dates, CEA specifically stated that it is willing to accommodate changes in the deposition schedule. (Exs. A. and B.) In addition, although CEA noticed the depositions to occur in Wilmington, CEA further stated that it was "amenable to discussing a comprehensive agreement among all parties concerning the location of depositions to be taken by both sides in this case." (AUO's Ex. H.) This is consistent with the Court's comment during the July 25 hearing regarding the location of the 30(b)(6) deposition that "if you want to work stuff out on other witnesses, that's fine with me."

As we understand AUO's request to the Court, it is requesting that the depositions AUO has noticed all be taken and completed before CEA takes any depositions it has noticed because AUO served its deposition notices first. If the Court adopts this approach, CEA respectfully suggests "what is good for the goose should also be good for the gander," and requests that the Court likewise order that Defendants be required to produce all of the witnesses CEA has noticed for depositions so that CEA may take and complete them before Defendants take any additional depositions that they may subsequently decide to notice for deposition. In this way, both sides will be motivated to cooperate with the other in scheduling and completing the depositions noticed to date.

---

[2] The depositions that CEA has noticed of fact witnesses of Defendants fall into four categories: (1) Rule 30 (b)(6) depositions of Defendants on relevant topics, such as the technical aspects of liquid crystal display products and the marketing and sales of these products; (2) Individuals specifically identified by Defendants in their Initial Disclosures as persons with relevant knowledge about the facts of this case; (3) Individuals that are engineers and technical personnel at Defendants who are knowledgeable about the design, development and technical aspects of Defendants' liquid crystal display products; and (4) Individuals who have responsibility for the marketing and sales of Defendants' liquid crystal display products that are sold in the United States.

598697v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
August 22, 2005

Respectfully submitted,

*/s/ Richard D. Kirk*

Richard D. Kirk

cc: Clerk of Court, by hand
All counsel of record as shown on attached service list

598697v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 22, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Gerard M. O'Rourke, Esq.
Larry J. Hume, Esq.
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

Robert H. Richards, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

The undersigned counsel further certifies that, on August 22, 2005, copies of the foregoing document were sent by hand to the above local counsel and by email and first class mail to the following non-registered participants:

Robert W. Adams, Esq.
Nixon & Vanderhye, PC
1100 North Glebe Road, 8th Floor
Arlington, VA 22201-4714

Neil Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

Karen L. Hagberg, Esq.
Sherman Kahn, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

574867v1