# EXHIBIT A

# Klevens, Shari

| | |
|---|---|
| **From:** | Bono, Gaspare |
| **Sent:** | Thursday, August 18, 2005 3:09 PM |
| **To:** | CEA-MLA |
| **Subject:** | FW: Deposition Scheduling |

```
-----Original Message-----
From: Bono, Gaspare
Sent: Thursday, August 18, 2005 2:55 PM
To: 'Gerard M. O'Rourke'
Cc: 'Dick Kirk'; 'Bob Adams'; 'Neil.Sirota@bakerbotts.com'; 'William
Marsden'; 'Kahn, Sherman W.'; Brzezynski, Lora
Subject: Deposition Scheduling


Dear Jerry:

Please confirm whether you will make AUO's witnesses available for
depositions on the dates that we have noticed.  If not, please provide us
alternate dates for our consideration so that we can coordinate the
scheduling of all of the  depositions that have been noticed. It would be
helpful if you could provide us with this information by tomorrow so that
we can firm up the deposition schedule.

Further, your August 16 email to me (which I first saw a few minutes ago
because, as I previously informed you, I was out of the office for the past
two days without e-mail access) offers to "talk more" on Thursday or Friday
of this week.  We obviously disagree that you ever attempted to meet and
confer regarding the deposition schedule of CEA's witnesses, but
nonetheless in the spirit of cooperation we are available to speak with you
tomorrow to discuss the schedule for both AUO's and CEA's depositions.  Are
you available tomorrow afternoon for a call? How about 2:00pm? Best
Regards, Gap




-----Original Message-----
From: Gerard M. O'Rourke [mailto:gorourke@cblh.com]
Sent: Tuesday, August 16, 2005 11:55 AM
To: Bono, Gaspare
Cc: Dick Kirk; Brzezynski, Lora; rwa@nixonvan.com;
Neil.Sirota@bakerbotts.com; skahn@mofo.com; marsden@fr.com
Subject: RE: AUO's Deposition Notices

Dear Gap:

I am writing in response to your email.  First, we are pursuing our
legitimate discovery rights under the Federal Rules of Civil Procedure.
```

1

If you are intent on arguing that we are making a motion in bad faith, that is your perogative.  We assure you that we are not.

Second, we have already had one Court conference addressing this issue, but you seem intent on forcing us to bring this issue back to the Court.  That too is you prerogative.  Nevertheless, CEA has nobody to blame but itself for the predicament it finds itself in.

Some things are very apparent from your email:
1.  You have not even bothered to get dates from your inventors or your other Rule 30(b)(6) designees even though our notices have been pending for 6 weeks!
2.  You still refuse to tell us which inventor(s) are allegedly not employed by CEA even though your initial disclosures said they all were employees.
3.  You refused to tell us when you were going to make your witness available for our Rule 30(b)(6) deposition until we told you we would go to Court, and you still haven't confirmed a date.
4.  CEA has never served its purported "objections" to our notices and our position is that any "objections" you have to our notices have long since been waived.
5.  You and your colleagues refuse to respond to basic communications about the case, and then claim we haven't met and conferred.  AUO have met and conferred and this issue has already been the subject of a court hearing.  If you want to talk more, I am available on Thursday and Friday of this week.

As for your disparagement of AUO's discovery responses, we believe our positions are justified and they are all made in good faith.  You can bring up your issues at the hearing and we will bring up ours.

Jerry

2

# EXHIBIT B

# Bono, Gaspare

| | |
|---|---|
| **From:** | Bono, Gaspare |
| **Sent:** | Thursday, August 18, 2005 3:09 PM |
| **To:** | 'Neil.Sirota@bakerbotts.com'; 'William Marsden'; 'Bob Adams' |
| **Cc:** | 'Dick Kirk'; Brzezynski, Lora; 'Kahn, Sherman W.'; 'Gerard M. O'Rourke' |
| **Subject:** | Deposition Schedule |

Gentlemen: Please confirm whether you will make your respective witnesses available for depositions on the dates that we have noticed including the 30(b)(6)witnesses. If not, please provide us alternate dates for our consideration so that we can coordinate the scheduling of all of the depositions that have been noticed including CEA's inventors. It would be helpful if you could provide us with this information in a coordinated fashion as soon as possible so that we can firm up the deposition schedule. We have a very limited time frame for completion of deposition discovery of fact witnesses prior to commencing expert depositions at the beginning of next year. Thank you for your anticipated cooperation. Best Regards, Gap

# EXHIBIT C

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

**BY EMAIL**

August 19, 2005

Gaspare J. Bono
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Re:   Commissariat A L'energie Atomique v. Chi Mei Optoelectronics Corporation, et al., C.A. No. 03-484 (KAJ)



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Gap:

I am writing in response to the several deposition notices Commissariat A L'energie Atomique ("CEA") served on Chi Mei Optoelectronics Corporation ("CMO") on August 12, 2005.

CMO's witnesses are not available for depositions on the dates unilaterally noticed by CEA. After consulting with our client, I will contact you to discuss mutually agreeable dates for these depositions.

In addition, CMO does not agree to produce its witnesses for depositions in Delaware. As a defendant, CMO did not choose to litigate this dispute in Delaware, and sending witnesses to the United States for deposition is unduly burdensome for CMO. CMO witnesses must be deposed in Taiwan.

Finally, with respect to CEA's 30(b)(6) deposition notice, the topics are unduly burdensome and overly broad. CMO will provide detailed objections to these in due course. With respect to the other deposition notices to CMO, please note that "Wen Hung Huang" and "Wen Hung (Amigo) Huang" are the same individual.

Very truly yours,

William J. Marsden, Jr.

60310338 (3).doc

# EXHIBIT D

# Taiwan Judicial Assistance

DISCLAIMER: THE INFORMATION IN THIS CIRCULAR IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL.

## Authority

22 U.S.C. 3306(b) provides acts performed by officers of the American Institute on Taiwan under 22 U.S.C. 3306 are valid, as if performed by any other person authorized under the laws of the United States to perform such acts (consular officers).

The American Institute on Taiwan (AIT) is a nonprofit corporation under the laws of the District of Colombia. 22 U.S.C. 3305, 3306(a)(3). The judicial assistance acts of AIT personnel parallel the acts performed by U.S. consular officers under 28 U.S.C. 1781(a)(2). See Sec. 1-201(h) of Executive Order No. 12143, 44 Fed. Reg. 37191 (June 23, 1979).

Pursuant to Section 10(a) of the Taiwan Relations Act (TRA), 22 U.S.C. 3309(a), the Taiwan Economic Cultural Representative"s Office ("TECRO") is the instrumentality established by the people of Taiwan having the necessary authority under the laws of Taiwan to take actions on behalf of Taiwan in accordance with the Act.

Judicial assistance is provided authorities on Taiwan in response to letters rogatory from foreign courts in accordance with Taiwan"s "Law Governing Extension of Assistance to Foreign Courts."

## American Institute in Taiwan

**The American Institute in Taiwan, Travel Services Section (comparable to a consular section at a U.S. Embassy or Consulate), is located at #7 Lane 134, Hsin Yi Road, Section 3 Taipei, Taiwan; tel: 011-886-2-709-2000; fax: 011-886-2-702-7675**

## Service of Process

Service of process in Taiwan can be effected by international registered mail/return receipt requested; by agent, generally a local attorney; or pursuant to a letter rogatory. The attorney or agent can execute an affidavit of service before a travel officer at the American Institute in Taiwan (AIT). If enforcement of a judgment is anticipated, however, Taiwan may not consider service by registered mail or by agent acceptable and may require that service be effected pursuant to a letter rogatory. See below for a discussion of special elements necessary in preparation of a letter rogatory for use in Taiwan. See also, our general flyers, Service of Process Abroad and Preparation of Letters Rogatory .

## Retaining a Foreign Attorney

Lists of attorneys in Taiwan are available from the Office of American Citizens Services, directly from the American Institute in Taiwan or from the Martindale-Hubbell Law Directory . See also our general information flyer, Retaining a Foreign Attorney .

## Voluntary Depositions/Notarial Services

In accordance with 22 U.S.C. 3305 and 3306 (a)(1), AIT officers have authority to provide notarial services in connection with oaths, affirmations, affidavits or depositions, and to perform any notarial act which any notary public is required or authorized by law to perform within the United States. (See also The National Notary, Yearbook, 1980, p. 67.) To arrange to conduct a voluntary deposition of a willing witness in Taiwan before a Travel Services Officer of the American Institute in Taiwan,

contact AIT Taipei directly at the address/fax number provided above. See also our general flyer, Obtaining Evidence Abroad for the information you will need to provide to AIT Taipei. Private American litigants are responsible for making their own arrangements for stenographers, interpreters, videotape operators, etc. AIT Taipei may be able to provide lists of such private commercial services.

**Travel of Local, State or Federal Government Officials:**

Local, state or federal prosecutors or other Government attorneys, investigators, etc. intending to travel to Taiwan in connection with a judicial assistance matter should contact the Office of American Citizens Services for information about obtaining "host country" clearance for such travel. If depositions are to be arranged on behalf of a local, state or federal government official in the U.S., the American Institute in Taiwan can assist in retaining the services of stenographers, interpreters, videotape operators, etc. upon receipt of appropriate fiscal data from the federal agency. Local or state prosecutors, or other officials may be required by the private stenographic or other services to pay fees in advance or to provide other assurances.

**Authentication of AIT Seal:**

The AIT seal can be further authenticated by the Department of State"s Authentication Office, 518 23rd St., N.W., Washington, D.C. 20520, (202) 647-5002 **Fee: $5.00.** For additional information, call the Federal Information Center: 1-800-688-9889, and choose option 6 after you press 1 for touch tone phones. Walk-in service is available from the Authentications Office from 8 a.m. to 12 noon Monday-Friday, except holidays. Walk-in service is limited to 15 documents per person per day (documents can be multiple pages). Processing time for authentication requests sent by mail is 5 working days or less. See also, the State Department Home Page: http://www.state.gov (Resources and Services) or http://www.state.gov/www/about state/infogen.html, page 5. See also in general, 22 C.F.R. 131. or contact the Washington office of the American Institute in Taiwan (AIT/WASHDC), 1700 N. Moore St. (17th Fl.), Arlington, VA. 22209, FAX: (202) 841-1385.

### Letters Rogatory

Letters rogatory can be used to effect service of process and to compel production of documents or testimony of an unwilling witness in Taiwan. For general information about preparation of letters rogatory, see our information flyer Preparation of Letters Rogatory . In addition, letters rogatory for use in Taiwan must comply with the following requirements:

-- Letters rogatory should contain an offer of reciprocal assistance. They should also include a statement expressing the willingness of the requesting court to reimburse the Taiwan judicial authorities for costs incurred in executing the letter rogatory;

-- Letters rogatory to Taiwan should be in English with certified translations in Mandarin Chinese;

-- The letter rogatory should be addressed to the "Appropriate Judicial Authority of Taiwan"; Please note: In accordance with U.S. policy, please refrain from using the terminology "Republic of China" in the letter rogatory or any accompanying documents and translations. Please refer to Taiwan simply as Taiwan.

-- -- Letters Rogatory should be accompanied by a certified check for $735.00 payable to American Institute in Taiwan. This will be used to pay any fees charged by the Taiwan court, as well as the fee charged by the AIT, effective  March 8, 2005.

-- If the letter rogatory requests the taking of evidence, the Taiwan court will not permit examination of witnesses by attorneys; witnesses would be examined by the court on the basis of written questions. A full transcription of the deposition, in Chinese, is available and should be specifically requested in the letter rogatory.

-- Any letter rogatory must be sent to AIT/TAIPEI by the Office of American Citizens Services, CA/OCS/ACS/EAP, Room 4811A N.S., Department of State, Washington, D.C. 20520 for transmittal by AIT/TAIPEI to "TECRO".

**Additional Information:**

The Office of American Citizens Services has available general information flyers and country specific flyers on international judicial assistance. These topics include:

Preparation of Letters Rogatory
Service of Process Abroad
Obtaining Evidence Abroad

**Using the Internet** : Many of our judicial assistance flyers are available on the Internet via the Department of State, Bureau of Consular Affairs home page . See also, the Department of State, Office of the Legal Adviser for Private International Law home page .

**Questions** : Should you have further questions about the procedures for service of process or obtaining evidence in Taiwan not addressed in this material, please contact the Office of American Citizens Services, East Asia and Pacific Division, Department of State, 2201 C Street, N.W., Room 4811A, Washington, D.C. 20520, tel: 202-647-6769; or 202-647-5226; fax: 202-647-2835.

Return to Judicial Assistance Page

---

This site is managed by the Bureau of Consular Affairs, U.S. Department of State.
External links to other Internet sites should not be construed as an endorsement of the views contained therein.

# EXHIBIT E

| | McKenna Long | |
|---|---|---|
| Atlanta | & Aldridge LLP | San Diego |
| Denver | Attorneys at Law | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| Philadelphia | 202.496.7500 • Fax: 202.496.7756 | Brussels |
| | www.mckennalong.com | |

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

August 18, 2005

BY ELECTRONIC MAIL

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re: *Commissariat a L'Energie Atomique v. Samsung Electronics Co., Ltd., et al.*,
Civil Action No. 03-484 (KAJ)

Dear Jerry:

This letter is in response to your email of August 16, 2005. In that email, you stated that CEA has waived its objections to the Rule 30(b)(6) Deposition Notice served by AUO. We strongly disagree with your assertion. Indeed, CEA has stated on numerous occasions that it was reserving its right to object to the Notice. See, e.g., my letters of the following dates: July 7 ("CEA further expressly reserves its right to object to all of the notices on all other grounds when and if these depositions are re-noticed for mutually convenient dates."); July 15 ("Please be further advised that we reserve all of our rights to object to your deposition notices on all grounds, including the location of the depositions."); and July 21 ("if this is incorrect, please advise us immediately and we will prepare a letter to you outlining CEA's objections to the remaining deposition topics."). Moreover, as you know, there is no deadline in the federal or local rules for a party to object to a deposition notice. Consequently, as promised, enclosed please find CEA's objections to the Rule 30(b)(6) Deposition Notice served by AUO.

We have understood for some time that AUO was opting to proceed on categories 1 through 4 only of the deposition notice and sought clarification of this point, as you know. For example, in my letter of July 21, 2005, I reminded you of the language in your July 19, 2005 letter to the court and asked whether, based on that language, you were limiting the scope of the Notice to the "topic of the disposition of critical documents that were not found in CEA's production, such as those related to the conception, development, and reduction to practice of the alleged inventions of the patents in suit." To date, however, you have refused to meet and confer regarding these issues, choosing instead to cut short our last meet and confer telephone

Gerard M. O'Rourke, Esq.
August 18, 2005
Page 2

discussion and refusing to reschedule or reconvene that call in attempt to resolve the outstanding issues.

    We also disagree with the statement in your email that CEA has not responded to your "basic communications" about the case. Rather, we have responded to every correspondence from you in a timely fashion. On the other hand, you have failed to respond or delayed in responding to our communications, including two emails from Gap Bono regarding the handling of confidential documents and information. You also failed to respond until this week to my correspondence regarding the AUO-Fujitsu license agreements, forcing us to send you at least two communications on that topic. Nevertheless, and despite your unwarranted accusations, we look forward to discussing CEA's objections with you and resolving these issues as we move forward with the discovery process.

                                              Very truly yours,

                                              Lora A. Brzezynski

cc:    Richard D. Kirk, Esq.

# EXHIBIT F

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

August 17, 2005

**BY ELECTRONIC MAIL**

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re: *Commissariat a L'Energie Atomige v. Samsung Electronics Co., Ltd., et al.,*
Civil Action No. 03-484 (KAJ)

Dear Jerry:

This letter is in response to your August 9, 2005 letter. At the outset, we strongly disagree with your statement that "CEA still refuses to cooperate in scheduling these depositions." As we have stated many times, CEA is more than willing to work with you to schedule the depositions on mutually convenient dates; it is AUO that unilaterally scheduled the depositions when many people are out on vacation, without offering the professional courtesy of first determining whether CEA or counsel would be available on those dates. Indeed, my June 7 letter, sent well before you unilaterally attempted to set the deposition schedule, stated that "we would be more than happy to discuss the scheduling of depositions." Moreover, in my July 15 letter, I reiterated that "we can all work together to resolve deposition scheduling issues," a message repeated by Gap Bono during the conference call with the Court. Thus, your letter is nothing more than an attempt to rewrite history. Nonetheless, I address the other points in your letter below.

1.  As ordered by the Court, CEA will produce a witness(es) related to CEA's document search efforts and document retention policies both in general and with regard to the conception and reduction to practice of the subject matter claimed in the '028 and '412 patents and the research and development of the subject matter described and/or claimed in the '028 and '412 patents. However, we are unavailable on September 14 for that deposition. We instead propose that the deposition be held on September 15 at The Bayard Firm.

2.  CEA has not yet determined who the witness(es) for the deposition will be, and therefore, cannot state at this time whether a translator will be required. Once CEA makes that

Gerard M. O'Rourke, Esq.
August 17, 2005
Page 2

determination, we will notify you if a translator is required. (We anticipate that we will be able to let you know next week.)

      3.    You have asked "which, if any, of the named inventors of the patents-in-suit are not CEA employees." We cannot understand why you continue to use the phrase "if any," as we have specifically told you that not all of the named inventors currently work for CEA. Please be advised that Jean-Claude Deutsch has retired from CEA.

      4.    We are in the process of obtaining the availability of the individual inventors, however because they have been on holiday, we have not yet been able to determine dates even though we have asked for such dates. As you know, we previously explained to you that the inventors have been on holiday and it has been difficult to communicate with CEA over the past few weeks. We anticipate, however, that we will be able to provide dates for depositions of the individual inventors by the end of the month, if not sooner. We have specifically asked for available dates in September or no later than the first week in October.

      5.    In addition, as previously reserved by us, we are preparing objections to categories 5 through 21 of the deposition notice and will send those objections this week. We obviously disagree with your assertion in your August 16, 2005 email that those objections have been waived and will respond separately on that issue this week. We will need to resolve our objections to those categories before the 30(b)(6) deposition on those topics can proceed. However, we anticipate that once we have conferred with you and resolved these issues that CEA can produce a 30(b)(6) witness or witnesses on the remaining topics as resolved during our meet and confer in September or October at the latest.

      Please be advised that I will be out of the office the last two weeks of August on a family vacation.

                                  Very truly yours,

                                  Lora A. Brzezynski

cc:    Richard D. Kirk, Esq.

DC:50356844.2

# EXHIBIT G

Atlanta

Denver

Los Angeles

Philadelphia

## McKenna Long
## & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

August 10, 2005

**BY ELECTRONIC MAIL**

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re: *Commissariat a L'Energie Atomige v. Samsung Electronics Co., Ltd., et al.*,
Civil Action No. 03-484 (KAJ)

Dear Jerry:

It does not appear that AUO produced in its document production organizational charts or lists of personnel involved with AUO's LCD business. Such documents would be responsive to several CEA document requests, including in particular request 54 of CEA's Request for Production of documents. That request sought "[o]rganizational charts and personnel lists for each department or group, which are sufficient to identify the names, job titles, and duties of each person involved in the research, development, manufacture, importation, sale, distribution, marketing and promotion of LCD display products from the time that you first started these activities through the present." If you contend that AUO has produced such documents, please identify them by bates number. If you have not produced such organizational charts and personnel lists, please do so promptly.

Very truly yours,

Gaspare J. Bono

GJB:krb

DC:50356742.1