IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Commissariat A L'Energie          )
Atomique                          )
                                  )
                                  )
        v.                        )        Civil Action No. 03-484 KAJ
                                  )
                                  )
Chi Mei Optoelectronics, et al.)
                                  )

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated September 15, 2004, the Court established a Special Master Panel; and

WHEREAS, consistent with the requirements expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case;

NOW THEREFORE, this 16th day of March, 2006, it is HEREBY ORDERED that:

1.   Vincent J. Poppiti is appointed as Special Master.

2.   As required by Rule 53(b)(2), the Special Master shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same.

3.   The Special Master shall, after consulting with the parties, establish procedures for the handling of discovery disputes. He shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in

order to determine the status of discovery, to issue orders
requiring the parties to adhere to discovery and case management
dates set by the Court.  He shall hear, resolve and make rulings
on all disputes regarding discovery and, when appropriate, enter
orders setting forth his rulings.

4.   Except as otherwise ordered by the Special Master, the
filing, service and hearing of discovery-related motions shall be
governed by Case Management and Standing Orders and the Rules of
this Court.

5.   The Special Master shall hear matters promptly and at
such times as may be convenient, at the discretion of the Special
Master.  All hearings and conferences before the Special Master
shall be held in this District's Courthouse or at an appropriate
other place arranged by the parties, with the approval of the
Special Master.  The party presenting a motion shall arrange for
a court reporter at the hearing and provide a copy of the
transcript to the Special Master thereafter.  The parties shall
equally bear the costs of the court reporter and transcript
provided to the Special Master.

6.   The Special Master shall not communicate ex parte with
a party without a consent of all of the parties.  The Special
master may communicate ex parte with the Court.

7.   The Special Master shall preserve all materials he
receives or prepares in connection with any dispute regarding
discovery.  He shall not be required to file any such materials

with the Court, unless directed to do so by the Court, except
that he shall file any orders entered setting forth his rulings
and any opinions prepared supporting his rulings.

8.   The Special Master may have access to trade secrets,
proprietary information or other confidential information in this
action including, but not limited to, information which may be
subject to a protective order.  He and other persons assisting
the Special Master shall preserve and protect the confidentiality
of all such information and, if required to file any orders,
findings, opinions or materials that contain or make reference to
any such information (including, but not limited to, information
designated "Confidential," "For Attorneys Eyes Only" and/or
"Sensitive Superconfidential"), he shall file the same under
seal.

9.   The Special Master's rulings shall be subject to review
by the Court, consistent with Rule 53(g)(3)-(5).

10.  The Special Master shall be compensated for his
services at his usual hourly rate.  Others assisting the Special
Master shall be compensated at their usual hourly rates.  The
Special Master shall send statements for services and expenses
directly to counsel for the parties on a monthly basis, and shall
receive payment directly from counsel for the parties in a timely
fashion.  The compensation and expenses of the Special Master
shall, unless otherwise ordered by the Special Master, be shared
equally be the parties.  In this regard, if in the Special

Master's opinion, a party engages in behavior which occasions the waste of the Special Master's time and resources, or otherwise hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses.  Any objections or disputes as to matters of the Special Master's compensation and/or expenses shall be presented to the Court in a timely application.

_____
United States District Judge